UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIE V.[1],

|  |  |  |
|---|---|---|
|  | Plaintiff, | Case # 19-CV-0315-FPG |
| v. |  | DECISION AND ORDER |

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

Plaintiff Julie V. brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits.  ECF No. 1.  On February 4, 2020, this Court remanded the case for further proceedings pursuant to a Stipulation between the parties.  ECF No. 15. Thereafter, the Court awarded Plaintiff's attorney, Justin Goldstein, $6,750.61 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 19.

On March 11, 2021, the ALJ informed Plaintiff of a fully favorable decision.  ECF No. 20-4 at 1.  On August 18, 2021, SSA issued a Notice of Award granting Plaintiff $101,617.00 in past due disability benefits and withholding $25,404.25—25 percent—to pay her attorney.  ECF No. 20-3.  On September 1, 2021, Goldstein moved for $25,404.25 in attorney's fees under 42 U.S.C. § 406(b).  ECF No 20.

For the reasons that follow, Goldstein's motion is GRANTED and Goldstein is awarded $25,404.25 in fees.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only the first name and last initial.

**DISCUSSION**

**I.     § 406(b) and Timeliness**

The Second Circuit applies Federal Rule of Civil Procedure 54 in determining the timeliness of an application for attorney's fees under 42 U.S.C. § 406(b).  Specifically, a claimant has fourteen days from the judgment to move for an award of attorney's fees.  *See Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019).

Here, on August 18, 2021, Plaintiff received a notice of award.  ECF No. 20-3.  On September 1, 2021—exactly fourteen days later—Plaintiff filed a motion for attorney's fees, based on the award of back pay.  ECF No. 20.  As such, the Court finds Plaintiff's motion to be timely.

**II.     § 406(b) and Reasonableness of the Requested Fee**

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25 percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).  The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id.*

After a court confirms that the fee is within the 25 percent statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable.  Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an

2

attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Plaintiff $101,617.00 in past due benefits and therefore counsel's request for $25,404.25 in fees does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff filed a motion for judgment on the pleadings with non-boilerplate arguments, ECF No. 10, and obtained a stipulated remand, ECF No. 15, which ultimately led to a favorable decision awarding Plaintiff benefits. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings so as to inflate past due benefits and the potential fee award. While Plaintiff's counsel did in fact seek extensions of time to file the initial motion for judgment on the pleadings, *see* ECF Nos. 7, 8, each were filed with the consent of the Commissioner and there is nothing to suggest that any extension was requested for an improper purpose.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar to figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, Goldstein spent 33.7 hours in connection with the appeal to this Court. ECF No. 20-5 at 1. Dividing the $25,404.25 fee requested by 33.7 hours yields an hourly rate of $753.84. Courts in this district have approved even higher rates as reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on Plaintiff's behalf. *See, e.g.*, *Briem v. Barnhart*, No. 05 Civ. 6219, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006) (approving $1,300.00); *McDonald v. Comm'r of*

*Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (approving $1,051.64); *Sims v. Comm'r of Soc. Sec.*, No. 17-CV-798-FPG, 2020 WL 812923, at *2 (W.D.N.Y. Feb. 19, 2020) (approving $980.87); *see also Campana v. Saul*, No. 16-CV-960, 2020 WL 3957960, at *2 (W.D.N.Y. July 13, 2020) (describing requested hourly fee of $1,000 as "very high by Western New York standards" but approving that rate in part because "the incentive necessary for counsel to take contingency-fee cases weigh[ed] in favor of approving the fee").   The Commissioner recognizes that this District has approved (as well as disapproved) comparable hourly rates.  ECF No. 23 at 5.  The Court concludes that the $25,404.25 is reasonable and awards Goldstein the same.

## CONCLUSION

Accordingly, Goldstein's motion for attorney's fees under § 406(b), ECF No. 20, is GRANTED and Goldstein is awarded $25,404.25 in fees.  The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award.  After counsel receives the § 406(b) fee, he must remit the $6,750.61 EAJA fee.

IT IS SO ORDERED.

Dated: October 1, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York